## Case No. 6,708.

### In re HORTON.

### [5 Law Rep. 462.]

Circuit Court, D. Connecticut. Sept. 17, 1842.

BANKRUPT ACT—ASSIGNMENT—LIEN OF.

The bankrupt law did not go into operation until the 1st day of February, 1842; it can have no influence upon, or control over, any party or transaction before that day. See Hutchins v. Taylor [Case No. 6,953], and Matter of Chadwick [Id. 2,569]. *Held*, that an assignment made in Connecticut, before the 1st day of February, 1842, under the state insolvent law of 1828, constitutes a lien upon the property in the hands of the trustee under the assignment.

[Cited in Day v. Bardwell, 97 Mass. 255; Chamberlain v. Perkins, 51 N. H. 342.]

Before the district court of Connecticut, at a recent term, Abner Hendee, the county assignee in bankruptcy, filed his petition against Lorin P. Waldo, setting forth, that the latter was in possession of a large sum of money and goods belonging to Eli Horton, at the time his petition was filed in the district court of the United States; and that the same were assets of the said Horton, praying that the same be restored to the county assignee for the benefit of the general creditors of said Horton. Notice was served on the parties interested, and Lorin P. Waldo, Esq., came into the district court and made answer to the application, substantially as follows: That in December, 1841, Horton made an assignment, under the insolvent law of Connecticut, passed in the year 1828, for the benefit of all his creditors, that the said Waldo was the trustee under

said assignment, which had been duly returned to the probate court in the district of Stafford, where proceedings were immediately commenced and were then in progress, under the state law above mentioned, and that on the 1st day of February, 1842, when the bankrupt law went into operation, he was managing said trust according to the provisions of the act of the general assembly of the state of Connecticut, and now claims the right to administer thereupon, according to the provisions of said act of 1828, denying the right of the county assignee in bankruptcy, to take said goods and moneys out of his hands, for that the said petition of Eli Horton was not filed in the district court until the 15th day of March, 1842. These facts having been agreed to, the question arising on the same was adjourned unto the circuit court of the United States to be held at Hartford in the second circuit, on the 17th of September, 1842.

Before THOMPSON, Circuit Justice, and JUDSON, District Judge.

JUDSON, District Judge. The facts in this case present the question, how far proceedings under the state insolvent law of Connecticut are valid, since the enactment of the bankrupt law of August 19th, 1841 [5 Stat. 440]. In order to determine this question, it is necessary to recur to the last proviso to the second section of the act of congress, which reads as follows: "And provided also, that nothing in this act contained shall be construed to annul, destroy, or impair any lawful rights of married women or minors, or any liens, mortgages, or other securities on property, real or personal, which may be valid by the laws of the states respectively, and which are not inconsistent with the second and fifth sections of this act." Was the assignment made by Horton to Waldo as trustee in December, 1841, and the proceedings upon that assignment in the probate court a lien on this property, such as the bankrupt act does not annul? We think it was. The bankrupt law did not go into operation until the 1st day of February, 1842, and must be considered the same as if it had been enacted on that day. The seventeenth section provides, that the act shall take effect from and after the 1st day of February. By this we are to understand that the act is to have no effect until that day. It is therefore to have no influence upon or control over any party or transaction up to that day. The words "no effect" are significant, and cannot be construed to reach any proceeding anterior to the 1st day of February. The assignment in question was made in December, 1841, and being then valid by the laws of Connecticut, must be held valid now. The consequence is, that all assignments under the state insolvent law, commenced before the 1st day of February, 1842, constitute a lien within the terms of the last proviso to the second section of the act, but that all assignments under the state insolvent law, commenced after the 1st day of February, 1842, are inconsistent with the second and fifth sections of the bankrupt act, and are rendered void by proceedings in bankruptcy. The assignee in bankruptcy cannot claim this property, but it must be left in the hands of the trustee under the state law.